UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Roe, as parent and
natural guardian on behalf of
Rebecca Roe, a minor,

Civ. No. 18-3428 (PAM/LIB)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

North Homes, Inc., individually
and d/b/a North Homes Children
and Family Service d/b/a
I.T.A.S.K.I.N. Juvenile Center d/b/a
North Homes Cottage, Marie Marna
Booth, Connie Ross, Jane Does 1-4,
and Jane Does 5-8,

Defendants.

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, the Motion is denied.

**BACKGROUND**

Plaintiff Robert Roe's 14-year-old daughter Rebecca committed unspecified juvenile crimes in Itasca County. (Compl. (Docket No. 1) ¶ 31-32.) The state court committed her to the custody of the I.T.A.S.K.I.N. Juvenile Center. Defendant North Homes, Inc., operates the Center, which is a residential treatment facility that contracts with both Minnesota's Department of Human Services ("DHS") and Department of Corrections ("DOC") for housing troubled juveniles. Juveniles such as Rebecca who are there at the direction of the DOC are not allowed to leave the facility. North Homes also operates an adjacent facility, North Cottage, that is a less restrictive facility than the Center.

Defendant Connie Ross was and still is the director of North Homes.

At the Center, Rebecca was diagnosed with several serious mental-health issues. (Id. ¶ 37.) According to Plaintiff, Defendant Marie Booth, a social worker at the Center, developed an unhealthy relationship with Rebecca. Residents reported seeing Booth hugging and kissing Rebecca (id. ¶ 51), and several staff members told their supervisors that Booth was not observing appropriate boundaries with Rebecca. (Id. ¶¶ 45-47.) These unknown staff members are Defendants Jane Does 1-4; their unknown supervisors are Defendants Jane Does 5-8. Neither staff nor supervisors ever intervened to stop Booth's contacts with Rebecca. (Id. ¶ 48.)

Ultimately, Rebecca was transferred to the Cottage. (Id. ¶ 57.) Booth visited her there, in contravention of North Homes's policies. (Id. ¶ 61.) On August 1, 2016, Rebecca ran away from the Cottage. (Id. ¶ 67.) Plaintiff alleges that Booth helped Rebecca escape, and drove her to Booth's home. (Id. ¶¶ 68-69.) Booth hid Rebecca for nearly three months, until Rebecca was discovered at the end of October. Booth admitted to a sexual relationship with Rebecca, and she ultimately pled guilty to first-degree criminal sexual conduct and depriving another of custodial or parental rights. The record does not indicate whether she is currently incarcerated as a result of her conviction.

The DHS investigated the incident, and many of Plaintiff's allegations are taken from the report DHS issued. (Storms Aff. Ex. C (Docket No. 24-1) (DJS Am. Investigation Mem.).) DHS found that multiple staff members told Ross that Booth may have helped Rebecca run away and that Rebecca and Booth were having an inappropriate relationship. DHS thus initially determined Ross failed to report maltreatment as required and

2

recommended that she be disqualified.  DHS and Ross reached a settlement, however, and DHS rescinded its disqualification determination.  (Id.)  DHS ultimately imposed a $1,400 fine on North Homes, which after an internal review determined that its existing policies and procedures were adequate and that no additional staff training was necessary.  (Compl. ¶¶ 101-02.)

Plaintiff's Complaint raises three § 1983 claims—an individual claim against Booth, Ross, and the Jane Doe Defendants, a Monell claim against North Homes and Ross in her official capacity, and a City of Canton claim against North Homes.  Plaintiff also brings one negligence and professional-malpractice claim against all Defendants.  He seeks a judgment of more than $30 million.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true.  Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.

**A.  State Actor**

North Homes, Ross, and the Jane Doe Defendants contend that dismissal is appropriate because they were not acting under color of state law for the purposes of § 1983.[1]  But whether a defendant qualifies as a state actor is a fact-intensive inquiry. Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982) (noting the "necessarily fact-bound inquiry" in determining whether a private entity has engaged in state action under § 1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 722 (1961) ("Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance.").  As such, whether Defendants were state actors is inappropriate for resolution on a motion to dismiss.

**B.  Failure to State a Claim**

Defendants also contend that Plaintiff has not alleged sufficient facts to establish that any Defendant violated Rebecca's rights or was negligent.  The DHS determination that North Homes and its staff violated their duties to Rebecca, however, is at this stage sufficient to plead Plaintiff's claims.  Defendants argue that the Complaint does not contain enough specific allegations, such as the names of residents who allegedly witnessed inappropriate behavior between Rebecca and Booth, the dates of that alleged behavior, or the names of staff members who reported that behavior.  But those are details Plaintiff cannot be expected to know without discovery.  Plaintiff must be allowed to take discovery

---

[1] Booth has not made any appearance in this matter and has not responded to the Complaint. The time for response has long elapsed.  Plaintiff should move for default judgment against her, or the Court will dismiss the case against her for lack of prosecution.

on his claims, and if that discovery does not support the allegations, Defendants may move for summary judgment.

**CONCLUSION**

Plaintiff has sufficiently pled his claims. Accordingly, **IT IS HEREBY ORDERED that** the Motion to Dismiss (Docket No. 8) is **DENIED**.

Dated:  May 30, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge